**COLEMAN v NEW YORK
CENTRAL RD. CO.**

Ohio Appeals, 5th Dist.,
Richland Co.

No. 578. Decided Sept. 27, 1941.

James V. Will, Mansfield, A. B. Mabee, Mansfield, for plaintiff-appellant.

Henkel and Gongwer, Mansfield, for defendant-appellee.

## OPINION

By LEMERT, PJ.

This is an action which was brought by the plaintiff-appellant in the Common Pleas Court of Richland County, Ohio, to recover damages from the defendant-appellee, ˙which she claims to have suffered by reason of being injured when an automobile in which she was riding as a guest collided in the night time with a cement pier maintained by the defendant on the west side of its tracks at the West Main Street crossing in the City of Shelby, Ohio, January 2nd, 1940.

The trial of this case in the Common Pleas Court resulted in a verdict in favor of the defendant. From the judgment rendered on this verdict, plaintiff appeals and assigns the following errors occurring on the trial of this case, to her prejudice, as the basis of her appeal:

1. The Court erred in its charge to the jury regarding what constituted negligence on the part of the defendant-appellee.

2. The Court erred in its charge to jury regarding contributory negligence on the part of the plaintiff.

3. The charge given by the Court to the jury, considered as a whole, was contradictory, confusing, and misleading.

4. The Court erred in refusing to give charges requested by plaintiff in writing at the close of all the evidence and before argument to the jury.

The Council of the City of Shelby, Ohio, on the 1st day of February, 1926, under authority of §3714 GC of Ohio, passed a Resolution entitled, "Be it resolved by the Council of the City of Shelby, Ohio, that the C. C. C. of St. L. R. R. Company be and they are hereby authorized to install alternating flash light signals at the Main Street crossing of said R. R. in the City of Shelby, etc."

The Council thereby granted to the Railroad Company the permissive use of a portion of said street for the erection and construction of "suitable piers or bases" "in the center of said Main Street and as near to the tracks of said R. R. as they can in safety be placed".

The plaintiff-appellant does not contend that the piers were improperly or carelessly constructed; or that they were not properly maintained or repaired or that the defendant-appellee was not properly in the use of a portion of Main Street in said City or that the defendant-appellee did illegally maintain any obstruction in said street.

The defendant-appellee by maintaining said signals at said crossing was not engaged in doing any unlawful act or commiting any offense or violating the provisions of any statute or ordinance. It was properly in the use of a portion of said street.

The plaintiff-appellant in her amended petition averred that she

was riding east on Main Street in the City of Shelby "as a guest passenger in an automobile owned and then being driven by Mrs. Maureen Hoffman", and that as said automobile approached said crossing it "was being driven at a speed of approximately fifteen miles per hour and both plaintiff and the driver of said passenger automobile keep (kept) looking ahead in the direction in which they were going"; that "they did not see said pier until the automobile in which plaintiff was riding crashed head-on into the same". The testimony showed that the motor vehicle in which plaintiff-appellant was riding as a passenger was first operated westerly on Main Street in Shelby, Ohio, over the tracks of the defendant-appellee and passed the piers both on the east and west side of the railroad crossing, and that thereafter said motor vehicle was operated eastward on Main Street and toward the railroad crossing when the automobile run head-on into the pier on the west side of the railroad crossing.

The plaintiff, as averred in her amended petition, assumed a responsibility; namely, to maintain a look-out and assist the driver when said automobile was being operated in an easterly direction on Main Street and as it approached the railroad crossing. If she could not see ahead but for a short distance, she had a duty to make known her inability so that the operator of the motor vehicle could change the conditions or no longer rely upon any assistance from the plaintiff-appellant "in looking ahead". The plaintiff testified that she knew of the location of the pier in the street and that it was not far from whence they started to drive eastward. Plaintiff testified as follows:

Q. Were you in the front seat when you went west on Main Street?

A. Yes, sir, I was in the front seat until it happened.

Q. When you went west, when you went out to the funeral home, were you in the front seat then?

A. Yes, sir.

Q. You could see the concrete pier east of the track?

A. Yes.

Q. When you were going to the funeral home, did your lights show the pier on the west?

A. Yes.

Q. You knew there was a pier on both sides?

A. Yes.

Q. You knew a short distance beyond the railroad track was this funeral home?

A. Yes, sir.

Q. You knew when you left this funeral home and started east a short distance you would be at the track?

A. Yes.

Q. Going out to the funeral home you saw these concrete piers?

A. Yes.

Q. When you were leaving the funeral home and going east on Main Street and the bright lights were on on the automobile?

A. Yes.

Q. If your bright lights were on, going straight toward this concrete pier you could have seen it from where you are to the wall or hallway?

A. I would think you would.

Q. Didn't you?

A. No, because there wasn't any light there.

Q. When you were that far away with that in front of you in your path, why didn't you see it?

A. I imagine because there wasn't any lights.

Q. You were looking right ahead?

A. Yes.

Q. Saw nothing?

A. Saw nothing.

Q. You did see cars on the south side of Main?

A. Yes.

Q. Beyond the railroad track?

A. Yes, it was lighter there.

Q. The windshield was clear?

A. Yes, sir.

Q. There was nothing to obstruct the vision of Mrs. Huffman— you had the full width of that windshield to look out?

A. Yes, sir.

This testimony justified and formed a proper basis for the Court's charge as to the plaintiff's knowledge of the location of piers and as to contributory negligence of the plaintiff.

The plaintiff's testimony clearly raised the question of negligence on the part of the plaintiff and clearly established the negligence of the driver of the motor vehicle which directly and proximately caused the injuries.

The defendant filed an answer in which, after making certain admissions, it denied all of the allegations of the amended petition and then contained this averment, "And says further that the collision and impact of said automobile with said concrete pier was caused wholly without any fault on the part of the defendant, and that whatever injury the plaintiff sustained was caused directly by the fault, failure, lack of care and control of Maureen Hoffman in operating the automobile in which the plaintiff was riding and in driving it head-on into said concrete pier and by the acts of plaintiff contributed thereto".

This averment was adopted from the answer in the case of **Montanari v Hayworth, 108 Oh St 8.**

Maureen Hoffman, the operator of the motor vehicle, on cross-examination testified in part as follows:

Q. As you looked west you saw this concrete pier in the center of Main Street?

A. Yes.

Q. There are two concrete piers on Main Street, one concrete pier is east of the Big Four track and the other concrete pier is west of the Big Four?

A. Yes.

Q. As you passed the pier east of the track did your lights then show you the pier west of the track when you were going out to the funeral home?

A. Well I don't just recall. I imagine it must have.

Q. About a hour or one and one-half hours after that you started from the funeral home and started east and you were going along about fifteen or twenty miles per hours?

A. Yes.

Q. If I understand you correctly, you kept at that same rate of speed until you struck this pier?

A. Yes.

Q. You did nothing to slacken this car?

A. I put on the brake when I hit it.

Q. And you didn't see it until you hit it, is that right?

A. No.

Q. The windshield was clear?

A. Yes.

Q. Until you got there you had a clear vision ahead, didn't you?

A. Yes.

Q. What, if anything did Mrs. Coleman say to you as your automobile was going toward this concrete pier?

A. I don't recall of anything she said.

Q. How far ahead could you see that night with the bright lights on?

A. I don't just know.

Q. About what?

A. Well I would imagine about fifty feet.

Q. And if you had seen this concrete pier when you were fifty feet away from it, going fifteen or twenty miles an hour, you could have turned out and avoided hitting it?

A. Yes.

Q. Or you could have put on the brake and stopped your car in that space?

A. Yes.

Q. But you didn't do either one?

A. I didn't see it.

Q. You didn't turn to the right, you kept right on and went into it?

A. Yes.

The testimony shows that these concrete piers were placed approximately in the center of the street; that they were discernible objects and that both to the north and south of these piers there was space sufficient for ▮▮▮▮▮▮ ▮ two motor vehicles to pass between the pier and the curb of the street. The evidence showed that no other vehicles were using any portion of the street in that vicinity at the time of the accident. The testimony also showed that there were bright lights along Main Street and that at said crossing there was "a glare of light" and that occupants could see motor vehicles east of said crossing parked along said street.

The record in this case clearly shows that the driver of this automobile was guilty of negligence in the operation of such motor vehicle, and the negligence on her part was the sole and proximate cause of injuries suffered by the plaintiff, and the plaintiff, by her conduct and action, contributed to such injuries.

See 49 Oh Ap 456, 459.

A municipality has the right to establish safety zones ▮▮▮▮▮▮ ▮ or to provide for structures in the streets.

124 Oh St 607

112 Oh St 138

The charge of the Court was clear, comprehensive, consistent and correct. It was not confusing, misleading or erroneous. The charge must be considered in its entirety, not in parts and sections. It is not proper to take certain paragraphs or portions thereof and isolate them and criticize the same; it is essential ▮▮▮▮▮▮▮ ▮ that all parts be considered together and obtain therefrom the meaning of the whole charge. The language used by the Court was simple, ordinary and clearly understandable and the definitions therein given were concise and correct.

In 39 O. Jur. on Pages 943 and 944, the rule laid down there concerning a charge of the Court is so well and plainly stated that we quote therefrom.

"If, therefore, considering the whole charge, the law of the case appears to have been correctly given to the jury, in a way that will reasonably enable them to understand the rules of law which they are to apply to the evidence before them, if when the whole charge is read together, and so considered, it appears to be fair, proper, comprehensive and correct, and as a whole fairly to state the law relating to the facts in issue, in such a way as not to have misled the jury, it cannot be deemed erroneous merely because it is not as full as it might be and because it contains language which, taken alone, is objectionable and subject to criticism or, standing alone, might be misleading or confusing, and the judgment will not be reversed because of such defects in the particular parts of the charge."

In the case of **Mansfield Public Utilities Service Company v Grogg,**

103 Oh St 101, the Supreme Court said:

"The ideal or perfect charge is seldom if ever attained, and it is some degree less than perfection with which reviewing courts have to deal, and this is by no means strange, or a condition not to be expected, as the trial judge is called upon to prepare and give his instructions to the jury at the proper stage of the trial, with very little time for research, deliberation or analysis, and is often confronted with an unexpected shift or departure or change of tactics on the part of counsel in the development of the case."

"If, judged by its four corners, the charge fairly and correctly states the law applicable to the pleadings and the evidence, the cause, upon review, should not be reversed merely because it is possible the jury may have been misled. The question should be: Was the jury probably misled in a matter materially affecting the complaining party's substantial rights?" **Insurance Co. v Cochran, 104 Oh St 427-428**

The jury was not misled in the instant case by the charge of the Court upon any subject. Under the pleadings and the evidence, the plaintiff had no right to recover. There could be but one conclusion from the evidence and every natural inference therefrom that whatever injury the plaintiff suffered was caused directly and proximately by the negligence of Mrs. Maureen Hoffman, the operator of the car, and the negligence of the plaintiff contributing thereto.

This Court held in the case of **Beal v Erie Railroad Company 51 Oh Ap 397,** that where

"A driver of an automobile on a stormy night, in a snow storm, approached said bridge which bridge carried no light and no warning signals. The driver drove straight forward and struck said center pier. Held:

1. The railroad company was not negligent in constructing this bridge with a pier located in the center of the highway.

2. The railroad company was under no obligation to keep the pier lighted to warn approaching travelers.

3. The driver of the automobile was guilty of negligence as a matter of law, preventing a recovery for damages sustained."

In the instant case the evidence and every natural inference therefrom clearly shows that there was no negligence on the part of defendant-appellee. Under the pleadings and the evidence, the plaintiff-appellant was not entitled to recover against the defendant-appellee.

The case should have been arrested from the jury and a verdict should have been directed in favor of the defendant. The defendant was justly entitled to the judgment in its favor and that judgment is affirmed.

Exceptions may be noted.

LEMERT, PJ., MONTGOMERY, J., concur.

SHERICK, J., concurs in judgment.